UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
LAURA GALFORD,

                Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:18-cv-06784

*Appearances:*
*For the Plaintiff*:
DANIEL A. OSBORN, ESQ.
Osborn Law, P.C.
43 West 43rd Street, Suite 131
New York, NY 10036

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
By: PETER W. JEWETT, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Laura Galford seeks review of the Commissioner of Social Security's denial of her application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings.[1] For the following reasons, Galford's motion is granted, the Commissioner's motion is denied, and the case is remanded for further administrative proceedings consistent with this order.

---

[1] Galford moved for relief under 42 U.S.C. 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

1

I.

On March 19, 2015, Galford applied for benefits, claiming she became disabled on August 20, 2014. Her application was denied. She requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on August 2, 2017.[2] ALJ Andrea Addison found that Galford was not disabled in an October 19, 2017 decision. The ALJ determined that Galford had the following severe impairments: "spine disorders including cervical and lumbar herniated discs with radiculopathy, affective disorders/depression, anxiety/panic attacks, torn meniscus right side, and multilevel osteoarthritis including ankle osteoarthritis." AR 12. The ALJ also concluded Galford has the residual functional capacity to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that claimant can frequently climb ramps, stairs, ladders, ropes, and scaffolds. The claimant can frequently balance, stoop, kneel, crouch, and crawl. The claimant requires the option to alternate sitting and standing at will without going off task. The claimant can frequently handle, finger, or grasp. The claimant can perform simple, routine tasks. The claimant can tolerate occasional and superficial interaction with the public. The claimant can tolerate occasional changes in the work setting.

AR 16. The Appeals Council denied Galford's request for review. This appeal followed.

---

[2] At the October 2017 hearing, a vocational expert testified that a sedentary, unskilled worker with postural and mental limitations could be employed as a "bench hand," "document preparer," or as a "table worker." AR 87.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

Remand is appropriate in light of two errors made by the ALJ in determining Galford's residual functional capacity ("RFC").

First, the ALJ erred by calculating an RFC that was unsupported by the medical record.

In deciding a disability claim, an ALJ must weigh all the evidence available to make an RFC finding that is consistent with the whole record. *See Lesterhuis v. Colvin*, 805 F.3d 83, 86 n.2 (2d Cir. 2015) ("the Commissioner determines, based on all the relevant medical and other evidence of record, the claimant's 'residual functional capacity'") (*citing* 20 C.F.R. §§ 404.1520, 404.1525, 404.1526, 404.1545).

Here, the ALJ's RFC determination rested primarily on a medical examination conducted by the Commissioner's consultant, Dr. Lamberto Flores. However, the ALJ's conclusion ignored the overall thrust of Dr. Flores' report and the undisputed evidence of numerous, serious medical issues he documented. In her RFC determination, the ALJ found that Galford could "frequently climb ramps, stairs, ladders, ropes, and scaffolds" and could "frequently balance, stoop, kneel, crouch, and crawl." AR 16. There was no basis for this RFC assessment.

The treating physician, Dr. Frank Scafuri, opined that Galford could never climb "stairs and ramps" or "ladders or scaffolds." AR 970. He did not believe she could "balance," "stoop," "kneel," "crouch," or "crawl" under any circumstances. *Id*. Dr. Scafuri found Galford lacked any ability to lift or carry due to "torn meniscus, cervical disc herniations/radiculopathy and lower back pain which limits motion and causes severe pain." AR 967. He also believed that she could never "reach" or "push/pull." AR 969. Dr. Scafuri's opinion illustrates the extent of Galford's limitations and directly contradicts the ALJ's RFC assessment.

Notably, Dr. Flores did not testify. He conducted a single examination of Galford in 2015. *See Selian*, 708 F.3d at 419 ("ALJs should not rely heavily on the findings of consultative physicians after a single examination"). The ALJ focused on Dr. Flores' head to toe assessment, which found normal functioning in many areas of the body. *See* AR 732-33. Yet, Dr. Flores also diagnosed Galford with

4

nine medical conditions, many of which the ALJ acknowledged were severe. According to Dr. Flores, Galford suffered from "rotator cuff tear," "right knee arthritis," "neuropathy," "cervical herniated disk," "lumbar herniated disk," "hip arthritis," "carpal tunnel syndrome," "right foot sprain," "hypertension," "torn meniscus," and "obesity." AR 733. These nine conditions were the source of Galford's pain, lack of balance, difficulty moving key extremities, and difficulty alternating between the sitting and standing position.

"[I]t is well-settled that 'the ALJ cannot arbitrarily substitute [her] own judgment for competent medical opinion.'" *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (*citing McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir.1983)). Nor is the ALJ "'free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him.'" *Id*. In the absence of clear medical evidence supporting the ALJ's RFC determination, she effectively substituted her own judgment for that of the physicians.

Plainly, the medical evidence does not support the ALJ's conclusion that Galford could climb ramps, ladders, ropes and scaffolding or balance, stoop, kneel, crouch, and crawl in a professional setting.

### IV.

Second, the ALJ erred by failing to account for Galford's mental health issues in the RFC determination. The Second Circuit has "remanded for further

administrative proceedings" where the "Commissioner failed to account for any functional limitations associated with [claimant's] depression when determining her residual functional capacity." *Parker-Grose v. Astrue*, 462 F.App'x 16, 17 (2d Cir. 2012) (summary order). "A RFC determination must account for limitations imposed by both severe and nonsevere impairments." *Parker-Grose*, 462 F.App'x at 18; *see also* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware ... when we assess your [RFC]").

The ALJ found Galford's anxiety, panic attacks, and depression were severe impairments but she failed to account for these disorders in the RFC analysis. This, too, was inconsistent with the record. Dr. David Lefkowitz, a Ph.D. psychiatric consultant, diagnosed "unspecified anxiety disorder" and "major depressive disorder without psychotic features." AR 738-39. Dr. Hou, a consulting physician, found "moderate" difficulties in "maintaining social functioning" and "moderate" difficulties in "maintaining concentration, persistence or pace." AR 98.

The ALJ's RFC determination did not impose any limitations in response to the mental health evidence. She merely found that Galford can tolerate "occasional and superficial interaction with the public" and "changes in the work setting." AR 16. The ALJ should have specifically accounted for the functional limitations arising from what she characterized as severe depression, anxiety disorders, and panic attacks.

6

# CONCLUSION

Because the ALJ improperly applied the relevant standards, the correct remedy is remand for further proceedings. *See Sczepanski v. Saul*, 946 F.3d 152, 161 (2d Cir. 2020); *Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir. 1999). For the foregoing reasons, Galford's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED for further administrative proceedings consistent with this order.

**SO ORDERED.**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 5, 2020